IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES DAY,

    Petitioner,

vs.                                                                                                   No. CIV 16-0155 JB/KK

JORGE CASTANEDA,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, under 28 U.S.C. § 2241, on: (i) the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed March 3, 2016 (Doc. 1)("Petition"); and (ii) the Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 21, 2016 (Doc. 4)("Application to Proceed").  The Court will grant Petitioner Charles Day's Application to Proceed and will dismiss his Petition without prejudice for failure to exhaust his administrative remedies.

Day is currently serving a 156-month federal sentence under a plea agreement entered pursuant to rule 11(c)(1)(c) of the Federal Rules of Civil Procedure, with a projected release date of April 4, 2017.  See Petition at 8.  Day's Application to Proceed includes an "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)," which lists his gross income as $120.00 per month, with an additional $700.00 in gifts within the last six months.  Application to Proceed at 1.  It explains that these gifts are irregular, and that Day makes contributions to his wife, his two daughters, and his mother.  See Application to Proceed at 2.  Day also submits an apparent list of transactions, which show that he had a balance of $888.10 as of March 15, 2016.  See Application to Proceed at 3.

The statute for proceedings in forma pauperis, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees. While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).

The Court will grant Day's Application to Proceed. Day signed an affidavit showing that he is unable to pay these proceedings' costs, and provided the following information: (i) his monthly income is $120.00; (ii) his monthly expenses are at least $110.00; (iii) he owns no assets; and (iv) he is incarcerated. See Application to Proceed at 1-2. The Court concludes that Day is unable to pay the filing fee, because he is incarcerated and his monthly income barely exceeds his monthly expenses.

Day's Petition does not challenge his sentence or conditions of confinement but, instead, seeks to be granted pre-release custody in home confinement. See Petition at 8. Day's Petition does not state that he has applied to the Bureau of Prisons for home confinement, nor does he allege that he has been wrongfully denied home confinement. Instead, his Petition indicates that his case manager has advised him that home confinement has "been made available through the District Court." Petition at 7.

The Court may grant a writ of habeas corpus under § 2241 only if the petitioner is alleged to be in custody in violation of the Constitution or laws or treaties of the United States of America. See 42 U.S.C. § 2241(c). A prisoner may not file a § 2241 petition unless he has exhausted the Federal Bureau of Prisons' available administrative remedies. See Eldridge v. Berkebile, 526 F. App'x 897, 898 (10th Cir. 2013); United States v. Eccleston, 521 F.3d 1249,

1253-55 (10th Cir. 2008). A prisoner must attempt to obtain relief through the Bureau of Prisons' administrative process before filing a habeas corpus petition. See Payne v. Maye, 525 F. App'x 854, 855 (10th Cir. 2013).

A federal statute provides the Bureau of Prisons with the authority to grant prerelease home custody. See 18 U.S.C. 3624(c). Section 3624(c) states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community. . . .
>
> (2) Home confinement authority. The authority under this subsection may be used to place a prisoner in home confinement. . . .

18 U.S.C. 3624(c). Day has not presented his request for home confinement to the Bureau of Prisons as § 3624(c) requires. The Court will dismiss Day's Petition without prejudice to permit him to exhaust his Bureau of Prisons administrative remedies.

**IT IS ORDERED** that: (i) the Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 21, 2016 (Doc. 4), is granted; and (ii) the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed March 3, 2016 (Doc. 1), is dismissed without prejudice for failure to exhaust administrative remedies.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Charles Day
Federal Correctional Institution
Big Spring, Texas

    *Plaintiff pro se*